This case, a will contest, was tried in the circuit court without a jury. The circuit judge found that the purported signature of the testatrix was in fact not her signature and disallowed the will. The proponents have appealed. *Page 140 
Mary Kochanski, a resident of Wayne county, at the age of approximately 70 years, is claimed by appellants to have executed a will. She died about four years later, February 21, 1938. She left, surviving her, four children and one grandchild, Richard, the son of a deceased son of Mrs. Kochanski. The proponents of the alleged will are Mrs. Kochanski's daughter Martha and her son Paul. The contestants are her daughter Emma and her son Charles. In the main the proponents and appellants herein rely upon their contention that the finding of the trial court was against the great weight of the evidence. In this particular they stress the fact that the alleged will was prepared by an attorney who testified that he was present and observed its execution both by the testatrix and the subscribing witnesses; and that each of the two subscribing witnesses testified to the execution of the Will by Mary Kochanski. And in their brief appellants seem to take the view that the only testimony refuting the genuineness of the signature of Mary Kochanski is that of a handwriting expert, Robert E. Moore, who, appellants contend, did not properly qualify as a handwriting expert. However, a review of the record discloses that the circuit judge in arriving at his determination by no means relied exclusively, if at all, on the testimony of the handwriting expert. Instead there were before the court numerous enlarged photostatic copies of genuine signatures of Mary Kochanski. The spurious character of her purported signature on the alleged will is so unmistakable that the circuit judge said:
"So, the court, even aside from the testimony of the handwriting expert — rather upon the court's own observation and examination, finds as a fact that the signature in question is not genuine." *Page 141 
These enlarged photostatic copies of genuine signatures of Mary Kochanski, as well as a photostatic copy of the will, are before us; and we are fully satisfied that the circuit judge was correct in his conclusion.
The record also discloses the following rather suspicious facts. Throughout the will, as originally prepared, it was drawn as the will of Nellie Kochanski, but the nameNellie in various places in the will, as appears from the photostatic copy, has been erased and Mrs. Kochanski's given name, Mary, written in. Notwithstanding the attorney testified he made the noted changes, still from the foregoing it is apparent that the attorney's acquaintance with or knowledge of Mrs. Kochanski was very limited. In fact, so far as appears from the record, his only contact with Mrs. Kochanski was on the occasion of the preparation and execution of the alleged will. It is also worthy of some consideration that wherever reference in the will is made to the grandson Richard, he is designated as the nephew of Mrs. Kochanski. Richard was the nephew of the proponents of this will. It seems rather incredible that his grandmother, Mrs. Kochanski, in giving information for the will to the attorney and in executing the will itself would have referred to Richard as nephew.
Since we are fully satisfied that the trial judge arrived at the correct conclusion, further review of this record is unnecessary. The judgment disallowing the will is affirmed and the case remanded to the circuit court that it may be certified to the probate court for further proceedings in the estate of Mary Kochanski, deceased. Costs to appellees.
BUSHNELL, C.J., and POTTER, CHANDLER, and BUTZEL, JJ., concurred with NORTH, J. *Page 142